UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-133-FL

| | |
|---|---|
| TIMOTHY P. DANEHY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TIME WARNER CABLE ENTERPRISES )<br>LLC, )<br>)<br>Defendant. ) | **JOINT REPORT AND PLAN** |

Pursuant to the Court's Initial Order Regarding Planning and Scheduling, Plaintiff Timothy P. Danehy ("Plaintiff") and Defendant Time Warner Cable Enterprises LLC ("Defendant") submit this Joint Report and Plan. On April 8, 2014, Plaintiff, proceeding *pro se*, and D.J. O'Brien III, on behalf of Defendant, held a Rule 26(f) conference and discussed the following topics:

**A.    Nature and Complexity of the Case.**  Plaintiff alleges two claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"): 1) for allegedly using an automatic telephone dialing capable system to call Plaintiff six times without his consent in violation of Section 227(b)(1)(a)(iii); and 2) for allegedly calling Plaintiff's National Do-Not-Call registered cell phone six times in violation of 47 U.S.C. § 227(c)(5).  Defendant denies any liability to Plaintiff.

   **1.    Jurisdiction.**  Plaintiff asserts jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. §§ 227(b)(3) and 227(c)(5).

   **2.    Key Issues.**  The key issues surround, among other things, the number of calls received by Plaintiff, whether Plaintiff was the "called party" within the meaning of the TCPA, whether TWC's telephone system is an "automatic telephone dialing system"

under the TCPA, whether the calls were made for a commercial purpose, and whether Plaintiff was charged for the calls he allegedly received.

  **3.**  **Alleged Damages.** Plaintiff seeks statutory damages in the amount of $500.00 for the first call he allegedly received from Defendant and $1,500.00 for each call he thereafter allegedly received under both Section 227(b)(1)(a)(iii) and Section 227(c)(5) of the TCPA. Plaintiff also seeks post-judgment interest and costs. Defendant denies that Plaintiff is entitled to any relief.

**B.**  **Proposed Discovery Plan.** The parties agree upon the following proposed discovery plan:

  **1.**  **Subjects of Discovery.** The parties anticipate that they will need discovery regarding communications between Plaintiff and Defendant.

  **2.**  **Phases of Discovery.** The parties agree that all discovery may be completed in a single phase.

  **3.**  **Categories of Discovery.** The parties do not propose limitations different from that imposed by the Federal Rules of Civil Procedure and the Court's Local Rules.

  **4.**  **Electronically Stored Information.** The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information.

  **5.**  **Privilege Issues.** The parties do not anticipate any issues relating to claims of privilege.

  **6.**  **Proposed Date for Completion of Discovery:** September 12, 2014.

  **7.**  **Discovery problems.** The parties do not anticipate any discovery problems.

C.   **Other Proposed Deadlines.**

   1.   **Disclosure of Expert Witness Information:** July 18, 2014.

   2.   **Joining Additional Parties:** May 9, 2014.

   3.   **Amending Pleadings:** May 9, 2014.

   4.   **Filing Motions:** October 13, 2014.

   5.   **Setting a Pre-Trial Conference.** The parties propose that a pre-trial conference be held on or before December 8, 2014.

   6.   **Trial Date.** The parties recommend a trial date of January 26, 2015, and anticipate that trial would take approximately 2-3 days.

D.   **Settlement Conferences.** The parties recommend that a mediated settlement conference would be the most appropriate ADR method for this case.

E.   **Magistrate Judge.** At this time, the parties do not consent to refer this matter to a magistrate judge for all further proceedings.

F.   **Rule 16(b) Pretrial Conference.** Neither party requests that a Rule 16(b) conference be scheduled prior to the entry of the case management order in this case.

G.   The parties understand that the deadlines established by the Court based on the parties' Joint Report and Plan will not be altered absent extenuating circumstances.

H.   **No Related Cases.** The parties are not aware of any other case raising potential issues of consolidation or assignment.

I.   **Scheduling Issues.** The parties are not aware of any scheduling issues.

This the 11th day of April 2014.

_____  
Timothy P. Danehy  
P.O. Box 301  
Kittrell, NC 27544  
(252) 492-0194  
*Pro Se Plaintiff*

     /s/ D.J. O'Brien III  
Marcus W. Trathen  
mtrathen@brookspierce.com  
N.C. State Bar No. 17621  
D.J. O'Brien III  
dobrien@brookspierce.com  
N.C. State Bar No. 35481  
BROOKS, PIERCE, MCLENDON,  
HUMPHREY & LEONARD, LLP  
1600 Wachovia Capitol Center  
150 Fayetteville Street  
Raleigh, NC 27601  
Tel. (919) 839-0300  
Fax (919) 839-0304

- 4 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing Joint Report and Plan with the Clerk of Court using the CM/ECF system and further certifies that a copy of the foregoing document was served on the Plaintiff in this action by e-mail and by placing the same in United States Mail, prepaid postage affixed, addressed as follows:

>Timothy P. Danehy
>P.O. Box 301
>Kittrell, NC 27544
>nonovation@yahoo.com
>*Pro Se Plaintiff*

This the 11th day of April 2014.

>/s/ D.J. O'Brien III
>D.J. O'Brien III