

**United States District Court**
**Eastern District of North Carolina**
Office of the Clerk
PO Box 25670
Raleigh, North Carolina 27611

Phone (919) 645-1700
Fax (919) 645-1750

Julie A. Richards
Clerk of Court

October 14, 2014

Timothy P. Danehy
PO Box 301
Kittrell, NC 27544

      RE: Danehy v. Time Warner Cable Enterprise LLC - Case No. 5:14-cv-133-FL
      **Notice to Pro Se Party of Right to Respond to Motion for Summary Judgment filed on October 14, 2014 - Docket Entry # 11**

Dear Mr. Danehy:

The defendant in your case filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The defendant believes that there is no genuine dispute as to any material fact on one or all of your claims and filed a brief or memorandum of law to show why it is entitled to judgment as a matter of law. If the court grants summary judgment as to each claim you presented, your case will end without a trial.

You have the right to file a response to the motion for summary judgment. Under Local Civil Rule 7.1(e)(1), EDNC, your response must be made within 21 days after service of the motion. **Your response in opposition to the motion for summary judgment must be filed on or before November 7, 2014**. You must provide a copy of your complete response to all parties in this case. **If you fail to respond to the motion, the court may grant the motion and enter summary judgment against you**.

You cannot rely only on the complaint or other pleadings to defeat a motion for summary judgment, if the defendant properly meets its burden under Rule 56. Rule 56(c) explains what you must do to oppose the motion for summary judgment. In summary, you must respond to the motion with affidavits, declarations, citations to particular parts of the record, or other material in such a manner so as to persuade the court that a genuine issue of material fact remains to be determined, and that the case should proceed to trial or evidentiary hearing.

 To guide you in preparing your response, a copy of Rule 56 is included at the end of this letter. You should read this rule carefully and follow its instructions completely. I also encourage you to review the Federal Rules of Civil Procedure and the Local Rules of Practice and Procedure, EDNC, to find

other requirements that you should follow in preparing your response. These rules are posted on the court's website at http://www.nced.uscourts.gov/ and are also available at the Clerk's Office.

Very truly yours,<br>
Julie A. Richards, Clerk of Court<br><br>
By: *Christa N. Baker*<br>
Christa N. Baker, Deputy Clerk

cc: Counsel of record (via electronic notice)

### Rule 56. Summary Judgment

**(a)** *Motion for Summary Judgment or Partial Summary Judgment*. A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b)** *Time to File a Motion*. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c)** *Procedures*.

(1) *Supporting Factual Positions*. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answer, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) *Objection That a Fact Is Not Supported by Admissible Evidence*. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) *Materials Not Cited*. The court need consider only the cited materials, but it may consider other materials in the record.

(4) *Affidavits or Declarations*. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d)** *When Facts Are Unavailable to the Nonmovant*. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or take discovery; or

(3) issue any other appropriate order.

**(e)** *Failing to Properly Support or Address a Fact*.

If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required under Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it; or
(4) issue any other appropriate order.

**(f)** *Judgment Independent of the Motion*. After giving notice and a reasonable time to respond, the court may:
(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g)** *Failing to Grant All the Requested Relief*. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact - including an item of damages or other relief - that is not genuinely in dispute and treating the fact as established in the case.

**(h)** **Affidavit or Declaration Submitted in Bad Faith**. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court - after notice and a reasonable time to respond - may must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.