UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

WESTERN DIVISION

NO. 5:14-CV-133-FL

| | |
|---|---|
| TIMOTHY P. DANEHY<br><br>    Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE<br>ENTERPRISES LLC.<br><br>    Defendant. | PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

To The Honorable Judge of This Court:

The Plaintiff asks the court to deny Defendant's motion for summary judgment and states the following:

## NATURE OF THE CASE

1.    In August or September of 2013 Plaintiff purchased six track phones to have as emergency communication backup phones for his family. On September 30, 2013 Plaintiff registered phone number 704-421-6235 on the National do not call Registry to prevent calls from needlessly wasting limited minutes. (*See* attached exhibit –"A")

2.    On several occasions Plaintiff brought Tracfones to work in order to test cellular signals in different areas. On November 25 and 26th 2013 Plaintiff received six calls on one of the track phones from TWC.

1

3.  While stopped to do a required tire check, on the 25th November, the phone rang and the Plaintiff answered the call. After saying hello, an automated pre-recorded computerized message played and said something about a service appointment. Plaintiff then hung up to prevent using up too much of his limited air time.

4.  The following morning the phone rang three times waking the Plaintiff up each time. After the calls stopped the Plaintiff wondered why a company the size of TWC wasn't checking the National do-not-call list.

5.  Plaintiff researched the law and after learning about the TCPA Plaintiff contacted TWC by US mail to discuss and try to settle the matter. After several emails and a couple of phone calls Plaintiff realized that an amicable settlement was not going to be reached. On March 7, 2014, Plaintiff filed the complaint to let a jury decide the matter.

6.  Congress enacted the TCPA with the intent of protecting individual privacy rights of consumers by limiting the use of automatic telephone dialing systems. Since the TCPA's initial enactment Congress has provided for the creation of the National do-not-call list and recently as of October 16, 2013 required that express consent to call be in writing. Numerous courts have held that equipment used to make calls that violate the TCPA only have to have the **CAPACITY-- *to store* or** produce telephone numbers to be called, using a random or sequential number generator; ***and to dial such numbers.***

2

## STATEMENT OF THE FACTS

7.      On September 30, 2013 Plaintiff registered cell phone number 704-421-6235 on the National do-not-call registry. (*See* attached exhibit –"A"). Even though Plaintiff placed cell number 704-421-6235 on the National do-not-call list he had no obligation or legal requirement to do so. If TWC checked the National do-not-call list prior to dialing cell 704-421-6235 they could have prevented any TCPA violations claimed in this instant action.

8.      TWC instructed its agent SkyCreek, to place six calls from 877-566-4892 to Plaintiff's cellular number 704-421-6235. The three calls on November 25, 2013 were placed at 6:49 PM, 7:35 PM and 8:20 PM. The call placed at 8:20 PM was answered by Plaintiff who heard an automated prerecorded message about a service call. The three calls on November 26, 2013 were placed at 8:36 AM, 9:31 AM and 10:16 AM. A pre-recorded voicemail message was left on the 10:16 AM call. Plaintiff was awoken by each a.m. call but could not get out of bed in time to answer any of the a.m. calls.

9.      Plaintiff never gave express written consent to TWC to call cell phone 704-421-6235. The six calls placed on November 25th and 26th 2013 were not placed because of any emergency. Plaintiff never had a previous business relationship with TWC that involved cell number 704-421-6235.

10.     All six attempts to call cell number 704-421-6235 were made by a computer based custom and proprietary automatic telephone dialing system which had the <u>capacity</u> to store and to dial such numbers. All information that the Plaintiff heard from these calls was

3

either pre-recorded or automated. At pg.3 ¶1 of Defendant's memorandum in support of motion for summary judgment, Defendant states, "Moreover, only one of the calls SkyCreek placed to the secondary number was answered, but whoever answered did not respond to the ***voice prompt*** asking the customer to confirm that he would be at his home at the time of the TWC visit. Had someone answered any of the calls placed to either the primary or the secondary number and responded to the ***voice prompt***, the calls would have stopped immediately." Fact, nowhere in the TCPA or FCC and FTC rules is a consumer required to answer or respond to a call.

11. Defendant states at, pg.3 ¶2 of Defendant's memorandum in support of motion for summary judgment that, "SkyCreek placed these calls on behalf of TWC using its proprietary "Call Notify" interactive voice response ("IVR") platform.", and "TWC has over 1.8 million residential appointments in North Carolina per year. The best way to remind customers of their upcoming appointments is through calls made through a **computerized system that calls** only those customers that have upcoming appointments and only those phone numbers voluntarily provided by those customers." SkyCreek's, "**computerized system that calls**", being a computer that can be programmed through software, is equipment that through software has the **CAPACITY-- *to store*** OR produce telephone numbers to be called, using a random or sequential number generator; ***and to dial such numbers.*** In fact, (*see* attached exhibit –"B") where sky Creek's website refers to, "automated customer contact operations", "rapidly adjust customer-specific contact and "do not contact" logic", and on the second page of the exhibit, it states "SkyCreek provides

4

innovative, industry-hardened best practice <u>Software-as-a-Service (SaaS) solutions</u> for high-volume automated customer contact operations."

12. The Call Notify IVR platform that SkyCreek uses to make calls for TWC clearly has the **capacity** to **store numbers** and **to dial such numbers**. Therefore the equipment SkyCreek is using to make calls meets the definition of an "automatic telephone dialing system" (ATDS) as found in the TCPA, Pub. L. No. 102-243, § 3(a), 105 Stat. 2395 (codified at 47 U.S.C. § 227).

13. Defendant states at, pg.5 ¶2 of Defendant's memorandum in support of motion for summary judgment that, "it simply takes a list of the specific customers and phone numbers that have upcoming appointments and dials those numbers." This is a fact directly from the Defendant that the computerized system takes a list of phone numbers, stores them and then dials those numbers. "(ATDS)"

14. The Plaintiff did file a complaint on March 7, 2014 as a private right of action to enforce his right to privacy and is entitled to statutory damages as allowed by Congress's act (TCPA). The Plaintiff knows that Congress had the intent of balancing the rights of a company in commerce and the rights of the consumers. If individuals don't exercise their rights and pursue the statutory damages that Congress enacted to balance commerce and private rights, then some businesses will repeatedly violate the law and infringe on numerous consumers rights.

15. The Plaintiff's complaint contains two counts. One for the willful or knowing placement of six calls to Plaintiff's cell phone using an automatic telephone dialing **capable**

5

system and leaving prerecorded messages without Plaintiff's expressed consent in violation of the TCPA, 47 U.S.C. § 227(b)(1)(a)(iii).

And one for the willful or knowing placement of six calls to Plaintiff's National do-not-call registered cell phone in violation of the TCPA, 47 U.S.C. § 227(c)(5).

## Argument

16. The court may grant summary judgment only if "there is no genuine issue as to any material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d.202 (1986). The burden rests on the moving party to demonstrate the lack of a genuine issue of fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The record must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 994, 8 L. Ed. 2d 176 (1962).

17. A Defendant who seeks summary judgment on a Plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of Plaintiff's claim or (2) showing there is no evidence to support any central element of Plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76F.3d 1245, 1251 (1st Cir. 1996); see *Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555. Only if Defendant's meet

6

their burden is Plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. FRCP 56(e).

18.     Defendant argues that Plaintiff's TCPA claims fail for four reasons. Defendant argues lack of standing because Plaintiff was not the intended recipient of the calls. Second Defendant claims that their customer's prior express consent to call him at the number SkyCreek dialed is a complete defense to a TCPA claim. Third the Defendant claims neither TWC nor SkyCreek used an ATDS to call Plaintiff's cell phone. Finally Defendant argues that Congress did not enact TCPA to prohibit the types of calls placed in this action as the calls were not unsolicited telemarketing calls or bulk communications. Plaintiff disagrees and will show the court why the Plaintiffs' Claims are justified.

19.     Defendant claims that Plaintiff lacks standing because he was not the intended recipient of the calls. While reading and studying Public Law 102–243 and the code of 47 U.S.C. § 227 Plaintiff cannot find, "intended recipient", anywhere. The term "called party" is referred to several times. Plaintiff looks at Soppit v. Enhanced Recovery Company where the court stated, "We conclude that "called party" in § 227(b)(1) means the person subscribing to the called number at the time the call is made. Soppet v. Enhanced Recovery Co., LLC, 679 F. 3d 637 - Court of Appeals, 7th Circuit 2012. The Defendant claims that only the intended recipient has standing to bring a suit. That doesn't make sense and let me give an example. Plaintiff and intended recipient are standing next to each other. Intended recipient gives express consent to Defendant to punch intended recipient in the nose. Defendant throws a punch that hits Plaintiff by mistake and breaks Plaintiff's nose. Does Plaintiff has standing to pursue a claim against Defendant for his damages?

7

20. Soppet v. Enhanced Recovery Co., LLC, 679 F. 3d 637, closely resembles the instant case at hand because the Plaintiff, like in this instant case ended up with a phone number whose previous owner gave consent. *Cellco P'ship v. Welcrest Health Care Mgmt.* As cited by Defendant was not a similar case to the case at hand because the Plaintiff was not the user of the phone. *Leyse v. Bank of Am.* was also a dissimilar case because it involved a landline and Leyse answered the call but was not the subscriber of that phone number. *Kopff v. World Research Grp., LLC.* was also dissimilar because the case dealt with faxes.

21. Plaintiff claims that the Defendant's argument fails as a matter of law and that Plaintiff does have standing to pursue his TCPA claims.

22. Defendant's second argument that TWC's customer gave "prior express consent" to receive the calls. This argument is laughable and ridiculous. Did the customer gives TWC expressed consent to swim in my pool? Maybe I should hire a lifeguard for the times I'm not at home. Plaintiff only hopes that TWC's customer did not give prior express consent to call-on Plaintiff's bank account whenever quarterly revenues soften.

23. This second argument infers that the Plaintiff had an obligation too, but never asked TWC to stop calling the number even after answering one of the calls. There is no legal obligation in the TCPA for the consumer to notice or order the caller to stop calling. Having placed the number on the National do-not-call list was public notice to **ALL** parties. Plaintiff never thought that a company like TWC would ignore the law. I guess TWC believes Plaintiff should have shut off his phone on November 26th if he did not want to be woken three times.

24.     The third argument that the Defendant makes is that SkyCreek's telephone system is not an ATDS. On February 4, 2014 Plaintiff received an email from Darrell Hegar. (See attached exhibit –"C"). The email reads, "Mr. Danehy, My name is Darrell Hegar. I lead operations for Time Warner Cable's Southeast region. I was hoping I could schedule some time with you to update you on the **automated dialing issue you experienced**. Please share with me a couple of times that you are free over the next couple of days so we can connect. I look forward to our call. Best regards, Darrell E. Hegar, RVP, Operations-Carolinas".

25.     This email came about because of Plaintiff's pursuit of an amicable settlement to the matter at hand. This email, which came from a Regional Vice President of operations, is clearly a **fact** that flies in the face of TWC's claim that the telephone system used was not an ATDS. 47 U.S.C. § 227(a)(1) the term "automatic telephone dialing system" means equipment which has the **capacity**—"to store"   **OR**

 "produce telephone numbers to be called,using a random or sequential number generator"**;** **AND** to dial such numbers.

Defendant states at, pg.5 ¶2 of Defendant's memorandum in support of motion for summary judgment that, "it simply takes a list of the specific customers and phone numbers that have upcoming appointments and dials those numbers".

Here the Defendant is stating that SkyCreek's computer running Call Notify IVR platform software(<u>SaaS</u>),(*see* attached exhibit –"B"), takes a list, which it must store in memory, and dials those numbers. The Defendant is trying to have it both ways, on one hand they say

9

they are not using ATDS equipment, yet on the other hand they claim to make 1.8 million service calls per year. Pg.3 ¶2. If TWC is making 1.8 million service calls per year, and they limit the number of phone calls to six that's 10.8 million phone calls per year in North Carolina alone. TWC wants us to believe that they implemented this automated calling system to make their operation more efficient but they manually place these calls and then use voice prompts and pre-recorded messages after making or not making contact.

26. Defendant's arguments continually refer to randomly or sequentially generated numbers. Although these words are in the definition of automatic telephone dialing system it is not required that such a system randomly or sequentially generate numbers. "Courts must give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous." *Discover Bank v. Vaden*, 396 F.3d 366, 369 (4th Cir. 2005) (citations omitted). In sec. 227(a)(1)(A) the conjunction *or* means that the equipment has the capacity to either store and to dial such numbers **or** produce telephone numbers to be called, using a random or sequential number generator and to dial such numbers. Therefore ATDS equipment does not have to have the capacity to do both.

27. Lastly the Defendant's claim that the 6 calls were not "telephone solicitations", Plaintiff disagrees. Defendant states at, pg.3 ¶1 of Defendant's memorandum in support of motion for summary judgment that, "..., But whoever answered did not respond to the voice prompt [automated prerecorded message] asking the customer to confirm that he would be at his home at the time of the TWC visit." The intent of the TWC call was to have the recipient *invest* his personal time in being at home to receive the *service*. TWC was soliciting the called parties' time so that the service could be performed efficiently.

10

## CONCLUSION

28. The Defendant has not met their burden to show that there are no material facts at issue for any element of the Plaintiff's complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the non-movant, but only if both parties have introduced evidence showing that an actual controversy exists," Lynch Props. 140 F.3d at 625. There is no reliable evidence to prove that the Defendant's did not violate the TCPA nor is there any evidence that TWC checked the National do-not-call list prior to initiating the 6 calls. Both the FCC and FTC rules provide a defense for a violation of the do not call provision when there is the establishment of written procedures, training, and practices to avoid violations. 16 C.F.R. § 310.4(b)(3); 47 C.F.R. § 64.1200(d).*[your welcome]* The Defendant has made numerous conclusory and misleading statements in their defense.

29. "Summary judgment will not lie if the dispute about a material fact is "genuine", that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party. At the summary judgment stage, the trial Judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial" *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242 (1986).

**WHEREFORE**, because the Defendant has failed to show there are no issues of material fact before the court and the Plaintiff has shown there are substantial material fact issues, the Plaintiff respectfully requests the court deny the Defendant's motion for summary judgment and allow Plaintiff's claims to move forward to trial on the merits.

11

DATED this 2nd day of November, 2014

Respectfully Submitted,

_____

Timothy P. Danehy

## CERTIFICATE OF SERVICE

I hereby certify that I presented the foregoing copies of **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,** to D.J. O'Brien III Counsel for Defendant TIME WARNER CABLE ENTERPRISES LLC. By placing the same in United States Mail, prepaid postage affixed, addressed as follows:   D.J. O'Brien III

>Brooks, Pierce, McLendon,
>
>Humphrey & Leonard, LLP
>
>1600 Whachovia Capitol Center
>
>150 Fayetteville Street
>
>Raleigh, NC 27601

>*/s/ Timothy P. Danehy*
>
>Timothy P. Danehy
>
>P.O. Box 301
>
>Kittrell, NC 0301-0301
>
>nonovation@yahoo.com
>
>252-492-0194
>
>919-702-6842

17