IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-133-FL

| | | |
|---|---|---|
| TIMOTHY P. DANEHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM AND** |
| v. | ) | **RECOMMENDATION** |
| | ) | |
| TIME WARNER CABLE ENTERPRISES, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on the motion (D.E. 11) by defendant Time Warner Cable Enterprises ("defendant" or "TWC"), pursuant to Fed. R. Civ. P. 56, for summary judgment. The motion was referred to the undersigned for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* Public D.E dated 25 Nov. 2014). The motion has been fully briefed and is ripe for adjudication. For the reasons set forth below, it will be recommended that the motion be allowed and that this case be dismissed with prejudice.

## BACKGROUND

### I. NATURE OF CASE

This case, commenced on 7 March 2014, arises from six telephone calls placed by nonparty SkyCreek Corporation ("SkyCreek"), a contractor acting on behalf of defendant over the course of two days, 25 and 26 November 2013, to a cellular telephone owned by plaintiff Timothy P. Danehy ("plaintiff"). (*See generally* Compl. (D.E. 1)). Plaintiff asserts two claims for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. The first is for placing unsolicited calls using an automated telephone dialing system ("ATDS") in violation of 47 U.S.C. § 227(b)(1)(A)(iii) ("ATDS claim"). (Compl. ¶¶ 13-16). The second is for calling a number listed in the national do-not-call registry in violation of 47 U.S.C. §

227(c)(5) and 47 C.F.R. § 64.1200(c)(2) ("do-not-call registry claim").[1] (*Id.* ¶¶ 17-20). The relief plaintiff seeks on each claim includes statutory damages, postjudgment interest, and costs. (*Id.* ¶¶ 16, 20). Defendant denies the material allegations in plaintiff's complaint. (*See generally* Ans. to Compl. (D.E. 5)).

## II. UNDISPUTED FACTS

On 25 November 2013, a customer of defendant whom defendant has not identified ("TWC's Customer") upgraded his account and requested service at his home the following day. (Decl. of Joel Spiro ("Spiro Decl.") (D.E. 12) ¶ 6). TWC's Customer had previously provided defendant the telephone number 704-421-6235 as a secondary number at which he could be reached. (*Id.* ¶ 5). Defendant had made calls to TWC's Customer at and received calls by him from this number, as well as the primary number, between 2009 and 2013. (*Id.* ¶ 5).

Unknown to defendant at the time, the TWC Customer no longer had the 704-421-6235 number in November 2013. (*Id.* ¶ 7). Instead, it was the number of a cellular telephone, specifically a so-called "track phone" (*i.e.*, a cellular telephone designed to use prepaid service time) plaintiff had bought in August or September 2013. (Pl.'s Resp. to Int. No. 3 (D.E. 14-1)). Plaintiff never gave defendant consent, written or otherwise, to call 704-421-6235. (Pl.'s Decl. (D.E. 17) ¶ 8). Plaintiff placed the 704-421-6235 number on the national do-not-call registry on 30 September 2013. (*Id.* ¶ 13; Registry Confirm. Email (D.E. 16-1)).

---

[1] In his memorandum opposing defendant's motion, plaintiff describes his two claims as follows:

> One for the willful or knowing placement of six calls to Plaintiffs cell phone using an automatic telephone dialing capable system and leaving prerecorded messages without Plaintiffs expressed consent in violation of the TCPA, 47 U.S.C. § 227(b)(1)(a)(iii).
>
> And one for the willful or knowing placement of six calls to Plaintiffs National do-not-call registered cell phone in violation of the TCPA, 47 U.S.C. § 227(c)(5).

(Pl.'s Mem. (D.E. 16) 5-6 ¶ 15). In its supporting memorandum, defendant characterizes plaintiff's claims as set out in the text above (Def.'s Mem. (D.E. 14) 5), and plaintiff does not contest defendant's characterization.

Defendant had a contract with SkyCreek to handle outbound calls to its customers to schedule repair and installation appointments. (Decl. of Michael Lawson ("Lawson Decl.") (D.E. 13) ¶¶ 4, 5). SkyCreek's system utilizes interactive voice response ("IVR") technologies (*id.* ¶ 2), but it does not have the capacity to generate random or sequential numbers (*id.* ¶¶ 6, 7).

In response to TWC's Customer's request for service on 25 November 2013, SkyCreek made three calls to the 704-421-6235 number on that day at 6:49 p.m., 7:35 p.m., and 8:20 p.m. (*Id.* ¶ 13). The first two calls reached plaintiff's cellular telephone, but no voicemail was left. (*Id.*; Pl.'s Decl. ¶ 6). The third call was answered by plaintiff, but he took no action. (Lawson Decl. ¶ 13; Pl.'s Decl. ¶ 6).

SkyCreek made three more calls to the 704-421-6235 number on 26 November 2013 at 8:36 a.m., 9:31 a.m., and 10:16 a.m. (Lawson Decl. ¶ 13). The first two calls reached plaintiff's cellular telephone, but no voicemail was left. (*Id.*; Pl.'s Decl. ¶¶ 6, 7). The third call also reached the telephone and a voicemail was left. (Lawson Decl. ¶ 13; Pl.'s Decl. ¶¶ 6, 7). Each of these calls woke plaintiff up. (Pl.'s Decl. ¶ 7). These calls and the calls the day before were placed after a busy signal was received at TWC's Customer's primary number. (Lawson Decl. ¶ 13).

## III. PROCEEDINGS ON SUMMARY JUDGMENT MOTION

On 14 October 2014, defendant filed the instant motion for summary judgment. The motion is supported by a memorandum (D.E. 14), two declarations (D.E. 12, 13), and a set of discovery responses by plaintiff (D.E. 14-1). In opposition, plaintiff filed a memorandum (D.E. 16) with three exhibits (D.E. 16-1 to 16-3) and a declaration (D.E. 17). Plaintiff had previously filed an affidavit (D.E. 1-1) and another exhibit (D.E. 1-2) with his complaint. Defendant filed a reply (D.E. 18). Defendant seeks summary judgment dismissing both of plaintiff's claims.

## APPLICABLE LEGAL PRINCIPLES

### I. SUMMARY JUDGMENT STANDARD

It is well established that a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). In analyzing whether there is a genuine issue of material fact, all facts and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Design Resources, Inc. v. Leather Industries of America*, 789 F.3d 495, 500 (4th Cir. 2015); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996).

The burden is on the moving party to establish the absence of genuine issues of material fact and "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 323; *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991) ("[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate."). If the movant meets its burden, then the nonmoving party must provide the court with specific facts demonstrating a genuine issue for trial in order to survive summary judgment. *Celotex*, 477 U.S. at 323. The nonmoving party is not permitted to rest on conclusory allegations or denials, and a "mere scintilla of evidence" will not be considered sufficient to defeat a summary judgment motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## II. TCPA

### A. Restriction on Use of ATDS's

The purpose of the TCPA is to "'curb abusive telemarking practices that threaten the privacy of consumers and businesses.'" *Nieto v. Allied Interstate, Inc.*, No. CCV-13-3495, 2014 WL 4980376, at *2 (D. Md. 3 Oct. 2014) (quoting *Lynn v. Monarch Recovery Mgmt., Inc.*, No. WDQ-11-2824, 2013 WL 1247815, at *3 (D. Md. 25 Mar. 2013)). One set of restrictions it imposes relates to the use of ATDS's. The statute provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (*other than a call* made for emergency purposes or *made with the prior express consent of the called party*) *using any automatic telephone dialing system* or an artificial or prerecorded voice—
>
> . . . .
>
> (iii) *to any telephone number assigned to a* paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the *called party* is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A) (emphasis added). An ATDS is defined as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator . . . [and] to dial such numbers." 47 U.S.C. § 227(a)(1).

The TCPA establishes a private right of action for violation of the restrictions on use of ATDS's:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
>
> . . . .
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> . . . .

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3). The federal courts have concurrent jurisdiction over such claims. *Mims v. Arrow Fin. Servs., LLC*, __ U.S. __, 132 S. Ct. 740, 745 (2012).

**B. National Do-Not-Call Registry**

Regulations adopted pursuant to the TCPA prohibit certain telephone calls to persons who have registered on the national do-not-call registry. The regulations provide in relevant part as follows:

> (c) No person or entity shall initiate any telephone solicitation to:
>
> . . . .
>
> (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator.

47 C.F.R. § 64.1200(c). While "residential telephone subscriber" refers to a landline telephone subscriber, the do-not-call registry prohibition also applies to wireless telephones. *Id.*(e) (citing *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Rep. & Order, 18 FCC Rcd. 14014, 14039 ¶ 36, 2003 WL 21517853, at *14 ¶ 36 (3 July 2003) ("We conclude that the national database should allow for the registration of wireless telephone numbers . . . .").

The TCPA, in turn, provides a private right of action for persons who have received calls in violation of the prohibition:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed

> under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
>
> . . . .
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or . . . .

47 U.S.C. § 227(c)(5). The federal courts have concurrent jurisdiction over such claims. *Mims*, 132 S. Ct. at 745.

## ANALYSIS OF DEFENDANT'S MOTION

Defendant seeks summary judgment on: (1) plaintiff's ATDS claim for lack of standing by plaintiff to assert it under the TCPA; (2) both of plaintiff's claims based on defendant's good faith reliance on TWC's Customer's consent to use the 704-421-6235 number; (3) plaintiff's ATDS claim based on SkyCreek's non-use of an ATDS to call plaintiff; and (4) both of plaintiff's claims due to the calls not being of the nature targeted by the TCPA. Each ground is discussed in turn below.

### I. STANDING

Defendant challenges plaintiff's standing under 47 U.S.C. § 227(b) to assert his ATDS claim. Defendant does not challenge plaintiff's standing to assert his do-not-call registry claim. While constitutional standing concerns the authority of the court under Article III of the United States Constitution to hear a case, *see*, *e.g.*, U.S. Const. art. III, § 2, cl. 1; *Friends for Ferrell Parkway, LLC v. Stasko,* 282 F.3d 315, 319 (4th Cir. 2002), statutory standing, as here, refers to legislatively created private rights conferred by statute, *CGM, LLC v. BellSouth Telecomms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). "In a case where the question is 'whether Congress intended to confer standing on a litigant like [the one at bar] to bring an action under [the statute at issue]', '[o]ur task is essentially one of statutory construction.'" *Id.* (quoting *Washington–*

*Dulles Transp., Ltd. v. Metro. Washington Airports Auth.*, 263 F.3d 371, 377 (4th Cir. 2001)). The plaintiff bears the burden of establishing standing. *See Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

Defendant contends that plaintiff does not have standing under the TCPA to assert his ATDS claim because the references to the "called party" in 47 U.S.C. § 227(b) are to the *intended* recipient of the calls, and not merely the *actual* recipient of the calls. As noted, among such references are exclusion from the ATDS restriction calls "made with the express consent of the *called party*" and inclusion within the restriction calls made to "any telephone number assigned to a . . . cellular telephone service . . . or any service for which the *called party* is charged for the call." 47 U.S.C. § 227(b)(1)(A), (b)(1)(A)(iii). Defendant relies on a number of cases which hold, as one court put it, that "only the 'called party,' i.e., the 'intended recipient,' has statutory standing to bring suit under the TCPA." *Cellco P'ship v. Wilcrest Health Care Mgmt.*, No. 09-3534(MLC), 2012 WL 1638056, at *7 (D.N.J. 8 May 2012); *see also Leyse v. Bank of Am.*, No. 11-7128, 2014 WL 4426325, at *6 (D.N.J. 8 Sept. 2014) (holding that "unintended and incidental recipient of a properly-directed communication to someone else" was not a "called party" and did not have standing under the TCPA); *Kopff v. World Research Grp., LLC*, 568 F. Supp. 2d 39, 40–42 (D.D.C. 2008) (same).

"The Fourth Circuit has not considered who has standing to sue for a violation of § 227(b)(1)(A)(iii)." *Moore v. DISH Network L.L.C.*, 57 F. Supp. 3d 639, 648 (N.D.W. Va. 2014). In *Moore*, the court considered the plain language of the TCPA and noted that the statute does not expressly limit standing to the "called party," but instead allows "a person or entity" to assert a claim. 57 F. Supp. 3d at 648. Nor does the language "intended recipient" appear anywhere within the TCPA. *Id.* at 649 ("Congress did not qualify 'recipient' in any way when describing

how liability attaches under the TCPA, let alone add the additional requirement that the recipient be the intended recipient from the caller's perspective."). The *Moore* court accordingly concluded that the subscriber whose phone was called has standing to assert a claim, even where that subscriber was not the intended recipient of calls. *Id.* at 649-50.

This court finds *Moore* and other cases holding similarly to be more convincing authority on this issue and accordingly concludes that plaintiff possesses the requisite standing to assert his claims in this litigation. *See, e.g., Maraan v. DISH Network, L.L.C.*, No. 1:13-cv-436, 2014 WL 6603233, at *5 (S.D. Ohio 19 Feb. 2014) (following holding in *Moore*); *Fini v. DISH Network L.L.C.*, 955 F. Supp. 2d 1288, 1296 (M.D. Fla. 2013) (holding "that possessing standing as a 'called party' . . . does not require the plaintiff to have been the intended recipient of the call"); *Page v. Regions Bank*, 917 F. Supp. 2d 1214, 1220 (N.D. Ala. 2012) (rejecting assertion that only "called party" has standing because there is "no limitation in the text of the statute to indicate that only a 'called party' may assert a TCPA claim"); *Gutierrez v. Barclays Grp.*, No. 10CV1012 DMS BGS, 2011 WL 579238, at *5 (S.D. Cal. 9 Feb. 2011) ("[I]t is the [telephone] subscriber who has standing to sue for violations of the TCPA."). The court accordingly rejects lack of standing as a ground for summary judgment dismissing plaintiff's ATDS claim.

## II. DEFENDANT'S RELIANCE ON TWC'S CUSTOMER'S CONSENT

Defendant contends that its reliance on TWC's Customer's consent to contact him at 704-421-6235 defeats not only plaintiff's ATDS claim, but his do-not-call registry claim as well. The court agrees.

### A. ATDS Claim

TWC's Customer entered into a Residential Services Subscriber Agreement, used with defendant's customers generally, that included the following language:

### You are consenting to Phone and Email Contact

> (a) Phone Calls. We may call or text you or authorize others to call or text you on our behalf using any number you provide to us (or that we issue to you) for any purpose, including marketing of our Services. . . . However, if you ask to have your number placed on our "do not call" list, we will not call or text you (or authorize others to call or text you) at that number for marketing purposes. To have your number placed on our "do not call" list, contact your local TWC office.
>
> (b) Robo-Calls. We (or persons acting on our behalf) may use automated dialing systems or artificial or recorded voices to contact you or leave you messages if you do not answer.

(Spiro Decl. ¶ 3). TWC's Customer provided the 704-421-5235 number as his secondary number, and there is no dispute that it was TWC's Customer whom defendant was attempting to reach with the six calls. The ATDS restriction in section 227(b) expressly exempts from its reach calls made with "the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A); *see Sacco v. Bank of Am.*, No 5:12-cv-6-RLV-DCK, 2012 WL 6566681, at *9 (W.D.N.C. 17 Dec. 2012) ("'Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with the "prior express consent" of the called party, we clarify that such calls are permissible.'" (quoting and relying on the declaratory ruling by the Federal Communications Commission ("FCC") in *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, Declaratory Ruling*, 23 FCC Recd. 559, 563 ¶ 9, 2008 WL 65485, at *3 ¶ 9 (4 Jan. 2008))). Defendant argues that TWC's Customer was the "called party" within the meaning of this exemption and that the exemption therefore applies to defeat the ATDS claim.

Plaintiff, however, advances the argument that the required prior express consent of the "called party" in section 227(b)(1)(A) refers not to the intended recipient of a call, but to the person subscribing to the number at the time the call is made, here plaintiff. Indeed, there is ample precedent for that notion. *See, e.g., Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 643

(7th Cir. 2012); *Paradise v. Commonwealth Fin. Sys., Inc.*, No. 3:13–CV–00001, 2014 WL 4717966, at *3 (M.D. Pa. 22 Sept. 2014) (concluding that "called party" is not the same as the intended recipient for purposes of express consent).

Even assuming that the prior express consent of TWC's Customer did not operate as consent by plaintiff, it is undisputed that defendant believed in good faith not only that it did have consent to call the 704-421-6235 number, but also that the calls were being made for a service TWC's Customer had requested. Moreover, defendant acted reasonably based on its good faith belief. As noted, TWC's Customer requested that defendant make a service visit to his home the day after he made the request. In response, a few calls were placed to the 704-421-6235 number on the evening before the visit was requested to occur and a few additional calls the following morning on the day of the requested visit. A message was left on the last call and the calls stopped. The 704-421-6235 number was called after the primary line was busy, in keeping with the TWC's Customer's designation of this number as secondary. Under the circumstances presented, defendant's good faith belief that it had consent to call the 704-421-6235 number would make imposition of liability under section 227(b) unjust.

An analogous situation was presented *Chyba v. First Fin. Asset Mgmt., Inc.*, No. 12-cv-1721-BEN, 2014 WL 1744136, at *12 (S.D. Cal. 30 Apr. 2014). In that case, defendant debt collection agency called plaintiff's cellular telephone four times over a two-week period in an effort to collect on a debt that the alleged creditor, Enterprise Rent-A-Car ("Enterprise"), had told defendant plaintiff owed. *Id.* at *1. Defendant alleged that Enterprise, and thereby it itself, had consent to call plaintiff's cellular telephone because plaintiff had given the number to Enterprise. *Id.* at 10. Plaintiff disputed that she did give Enterprise consent to call her cellular telephone. *Id.* at 11. The court ruled, in effect, that it was immaterial whether defendant had

given it or Enterprise consent, because it acted in the good faith belief that plaintiff had given such consent and allowed summary judgment dismissing plaintiff's TCPA claims, stating:

> [I]t is sufficient that Defendant had a good-faith basis to believe that Plaintiff had provided consent to the creditor on whose behalf Defendant sought to collect a debt. Even if Plaintiff is correct in stating that she never gave Defendant or Enterprise consent to call, and there was no *actual* prior consent from Plaintiff, Defendant is not liable for acting in good faith upon the information provided to it.

*Id.* at 12; *cf. In re Rules and Regulations Implementing the TCPA of 1991*, Declaratory Ruling & Order, __ FCC Rcd. __, 2015 WL 4387780, at *30-34 ¶¶ 85-97 (10 July 2015).[2]

The court concludes that, under the circumstances presented, defendant's good faith belief that it had consent for the calls precludes liability on plaintiff's ATDS claim under section 227(b). Summary judgment should accordingly be entered dismissing plaintiff's ATDS claim on this ground.

### B. Do-Not-Call Registry Claim

The "prior express consent" exemption under section 227(b) does not, of course, apply to plaintiff's do-not-call registry claim, which is based, as noted, on section 227(c) and an implementing regulation, 47 C.F.R. § 64.1200(c)(2). The do-not-call prohibition—which, again, bars any "telephone solicitation" to residential subscribers whose numbers are registered in the national do-not-call registry—contains its own consent exemption. The exemption reads:

> Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if:
>
> . . . .

[2] This declaratory ruling provides that a caller can make one good faith call to a wireless number that has been reassigned without liability attaching under section 227(b). Not only does the declaratory ruling postdate the calls at issue in this case, it does not address specifically the situation here of calls made in response to a customer's request for service. Notably, in reaching its conclusion, the FCC relied on the same rationale as plaintiff that section 227(b) "requires the consent not of the intended recipient of a call, but of the current subscriber (or non-subscriber customary user of the phone)." 2015 WL 4387780, at *26 ¶ 72.

> It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed; . . . .

47 C.F.R. § 64.1200(c)(2)(ii).

This exemption is also reflected in the definition of "telephone solicitation:"

> The term telephone solicitation means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, *but such term does not include a call or message*:
>
> (i) *To any person with that person's prior express invitation or permission*; . . . .

47 C.F.R. § 64.1700(f)(14) (emphasis added); *see also* 47 U.S.C. § 227(a)(4) (same definition under the TCPA).

As with the "prior express consent" exemption under section 227(b), the exemption under the do-not-call prohibition does not apply directly to the calls made to plaintiff because he never consented to the calls, either as the subscriber to the 704-421-5235 number or the person called. Nonetheless, the same equitable considerations that underlay permitting defendant to rely on TWC's Customer's consent with respect to plaintiff's ATDS claim apply to his do-not-call registry claim. Summary judgment should therefore also be entered dismissing plaintiff's do-not-call registry claim based on defendant's good faith reliance on TWC's Customer's consent.

## III. USE OF AN ATDS

Defendant argues that plaintiff's ATDS claim fails on the independent ground that the equipment SkyCreek used to call plaintiff did not qualify as an ATDS within the meaning of 47 U.S.C. § 227(b). As noted, an ATDS is defined as "equipment which has the capacity . . . to store or produce telephone numbers to be called, using a random or sequential number generator . . . [and] to dial such numbers." 47 U.S.C. § 227(a)(1).

Defendant has submitted a declaration from Michael Lawson, an Account Manager for SkyCreek and the manager of defendant's account, in support of its assertion that it did not use an ATDS and, specifically, that none of its systems have the capacity to produce or store telephone numbers using a random or sequential number generator. (Lawson Decl. ¶¶ 2, 6). Plaintiff filed in response two pieces of evidence.

One is a 4 February 2014 email from defendant to plaintiff in response to his inquiries regarding this matter. (Def.'s Email (D.E. 16-3)). It states in relevant part: "I was hoping I could schedule some time with you to update you on the *automated dialing issue* you experienced." (*Id.*) (emphasis added). Plaintiff points to the phrase "automated dialing issue" as indicating that SkyCreek had an ATDS within the meaning of the TCPA. Plaintiff is incorrect. This phrase does not show that SkyCreek's system used a random or sequential number generator, as required to come under the definition of ATDS in the TCPA. *See* 47 U.S.C. § 227(a)(1).

The other evidence to which plaintiff cites is copies of two pages from SkyCreek's website. (SkyCreek's Website (D.E. 16-2)). Plaintiff contends that various language used in the website shows that SkyCreek used an ATDS, such as "automated customer contact operations," "rapidly adjust customer-specific contact," "'do not contact' logic," and "SkyCreek provides innovative, industry-hardened best practice Software-as-a-Service (SaaS) solutions for high-volume automated customer contact operations." (*Id.* at 1, 2). Again, though, none of these references establishes that SkyCreek's system used a random or sequential number generator.

Thus, plaintiff has provided no evidence sufficient to raise a genuine issue of fact on whether SkyCreek's system constituted an ATDS. The court concludes that it does not. Summary judgment should accordingly be entered dismissing plaintiff's ATDS claim on this

ground independent of the other grounds for entry of summary judgment dismissing it. *See Nieto*, 2014 WL 4980376, at *3 (awarding summary judgment to defendant where defendant presented an affidavit from its president of telephony who declared that it does not use an ATDS when placing calls for its collections activity and plaintiff presented no evidence to the contrary); *see also Danehy v. Jaffe & Asher, LLP*, No. 5:14-CV-60-FL, 2015 WL 1249879, at *18 (E.D.N.C. 30 Jan. 2015) (recommending dismissal of TCPA claim on pursuant to Rule 12(b)(6) motion where plaintiff only speculated that an ATDS was used to place call), *mem. & recommendation adopted by* 2015 WL 1249879, at *9 (17 Mar. 2015).

## IV. SCOPE OF TCPA

### A. ATDS Claim

Defendant argues that the circumstances of the calls to plaintiff take it outside the intended scope of the TCPA. "'In construing the extent and contour of [the TCPA], courts consistently and properly look to the purpose and history of the statute.'" *Emanuel v. Los Angeles Lakers, Inc.*, No. CV 12–9936–GW(SHx), 2013 WL 1719035, at *3 (C.D. Cal. 18 Apr. 2013) (quoting *Ryabyschuck v. Citibank (S.D.) N.A.*, No. 11–CV–1236, 2012 WL 5379143, at *2 (S.D. Cal. 30 Oct. 2012) (citing *Mims,* 132 S. Ct. at 745)). In *Mims*, the Supreme Court recognized that the purpose of the TCPA is to remedy "certain practices invasive of privacy" and "intrusive nuisance calls." *Mims*, 132 S. Ct. at 744, 745; *see also Nieto,* 2014 WL 4980376, at *2. Courts further acknowledge that "'context is indisputably relevant to determining whether a particular call is actionable under the TCPA.'" *Emanuel*, 2013 WL 1719035, at *3 (quoting *Ryabyschuck*, 2012 WL 5379143, at *3).

The context here is that defendant was attempting in good faith to promptly respond to a request from a customer for service at a telephone number which the customer had consented to

defendant's using. Moreover, as previously detailed, defendant acted reasonably in responding to its customer's request. This is decidedly not the type of invasive, intrusive nuisance calls the TCPA was intended to address. *See Ryabyschuck*, 2012 WL 5379143, at *3. In that case, the court granted summary judgment dismissing plaintiff's claim under section 227(b)(1) based on her receipt of a text message confirming her request by text message to opt out of a credit card application. *Id.* at *1, 4. The court reasoned that, as here, "[t]hese circumstances 'unmistakably' display some measure of prior consent and dispel any allusion to 'the proliferation of intrusive, nuisance calls' targeted by the TCPA." *Id.* at *3 (citation omitted) (quoting, in part, *Mims*, 132 S. Ct. at 744); *see also Emanuel*, 2013 WL 1719035, at *3 (dismissing with prejudice under Rule 12(b)(6) plaintiff's section 227(b) claim against defendant for sending him a text message in response to his request, pursuant to a solicitation apparently on the scoreboard at a Lakers game, for the display of a personalized message on the scoreboard ); *Ibey v. Taco Bell Corp.*, No. 12–CV–0583–H (WVG), 2012 WL 2401972, at *1, 3 (S.D. Cal. 18 June 2012) (dismissing pursuant to Rule 12(b)(6) with leave to amend plaintiff's claim under section 227(b)(1) based on his receipt of a text message confirming his request by text message to opt out of a customer survey on the rationale that imposing liability "would contravene public policy and the spirit of the statute—prevention of unsolicited telemarketing in a bulk format"). Summary judgment should accordingly be allowed dismissing plaintiff's ATDS claim on this independent ground.

**B. Do-Not-Call Registry Claim**

Defendant argues that the calls plaintiff received did not violate the do-not-call registry prohibition because they were not of the type covered by the prohibition. The court agrees.

As noted, the regulation prohibiting calls in violation of the do-not-call registry applies to "any telephone solicitation." 47 C.F.R. § 64.1200(c)(2). "Telephone solicitation" is defined in

relevant part, as indicated, as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." *Id.*(f)(14); *see also* 47 U.S.C. § 227(a)(4) (same definition under the TCPA). The telephone calls to plaintiff did not concern "encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(14). Rather, their purpose was to schedule a service visit that TWC's Customer had requested. *See Friedman v. Torchmark Corp.*, No. 12–CV–2837–IEG (BGS), 2013 WL 4102201, at *6-7 (S.D. Cal. 13 Aug. 2013) (dismissing claims that telephone messages violated the TCPA, in part, because they were not "telephone solicitations" under section 227(a)(4) but intended to inform plaintiff of an independent contractor position with defendant); *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Rep. & Order, 18 FCC Rcd. at 14039-40 ¶ 37, 2003 WL 21517853, at *14 ("[C]alls that do not fall within the definition of 'telephone solicitation' as defined in section 227(a)(3) [now (a)(4)] will not be precluded by the national do-not-call list. These may include surveys, market research, political or religious speech calls.").

The calls to plaintiff accordingly do not fall within the scope of the do-not-call registry prohibition. Their failure to do so constitutes an independent ground for summary judgment dismissing plaintiff's do-not-call registry claim. *See Friedman*, 2013 WL 4102201, at *6-7.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion for summary judgment (D.E. 11) be ALLOWED and that this case be dismissed with prejudice.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until 20 August 2015 to file written objections to the Memorandum and Recommendation. The presiding district

judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after service of the objections on the responding party.

SO ORDERED, this 6th day of August 2015.

James E. Gates
United States Magistrate Judge