UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:14-CV-133-FL

| | | |
|---|---|---|
| TIMOTHY P. DANEHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S RESPONSE TO** |
| v. | ) | **PLAINTIFF'S OPPOSITION TO THE** |
| | ) | **MAGISTRATE JUDGE'S MEMORANDUM** |
| TIME WARNER CABLE ENTERPRISES LLC, | ) | **AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

Defendant Time Warner Cable Enterprises LLC ("TWC") submits this Response to Plaintiff's Opposition to the Magistrate Judge's Memorandum and Recommendation. Plaintiff's objections mischaracterize Judge Gates's Memorandum and Recommendation ("Recommendation" or "M&R") and misstate the scope and effect of the Telephone Consumer Protection Act ("TCPA"). TWC respectfully requests the Court accept and adopt Judge Gates's Recommendation as a final order granting TWC's Motion for Summary Judgment.

Plaintiff erroneously argues that the Recommendation fails to address the use of prerecorded messages, which Plaintiff apparently believes is a per se violation of the TCPA. As clearly stated in the Recommendation, the TCPA expressly exempts from its reach calls using prerecorded messages that are made with "the prior express consent of the called party." M&R 10 (citing 47 U.S.C. § 227(b)(1)(A) and *Sacco v. Bank of Am.*, 2012 U.S. Dist. LEXIS 178030, at *28 (W.D.N.C. Dec. 17, 2012)). The Recommendation correctly concludes that TWC's good-faith belief it had consent to call Plaintiff's number precludes liability under the TCPA. M&R 11-12. Plaintiff simply misunderstands that the TCPA does not prohibit outright the use of

automated technology to place calls to cell phones using pre-recorded voices. *See Emanuel v. L.A. Lakers, Inc.*, 2013 U.S. Dist. LEXIS 58842, at *8 (C.D. Cal. Apr. 18, 2013).

Contrary to Plaintiff's objection, there is no genuine issue of material fact regarding SkyCreek Corporation's calling system. The Recommendation properly found Plaintiff "has provided no evidence sufficient to raise a genuine issue of fact whether SkyCreek's system constituted an ATDS." M&R 14. In response, Plaintiff asserts a right to question SkyCreek Account Manager Michael Lawson under oath. Opp. ¶ 5. Plaintiff could have deposed SkyCreek, TWC, or their employees during discovery. He cannot now rely on unsupported conjecture and conclusory allegations to defeat a motion for summary judgment. *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (with regard to motions for summary judgment, district courts have "an affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial") (internal quotations omitted).

Further, the Southern District of New York's opinion in *King v. Time Warner Cable* is of no use to Plaintiff because that opinion concerned calls by TWC's interactive voice response calling system to customers with past-due accounts.[1] 2015 U.S. Dist. LEXIS 88044, at *3 (S.D.N.Y. July 7, 2015). By contrast, Danehy received service calls from the completely separate calling system of TWC's vendor—SkyCreek's "Call Notify" interactive voice response platform. Declaration of Michael Lawson ¶ 5 [D.E. 13].

Finally, Plaintiff's belated plea for equitable relief is not appropriate. Plaintiff did not seek such relief in his Complaint or at any time prior to summary judgment, and the TCPA does not provide for it. Congress enacted the TCPA to remedy "intrusive nuisance calls" and "certain practices invasive of privacy." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012). As

---

[1] Although not relevant to this case, TWC disputes the opinion in *King* and has filed a notice of appeal to the Second Circuit Court of Appeals.

found by Judge Gates, TWC's good-faith attempts to schedule a service visit requested by its customer does fall within the scope of the TCPA and the harms the statute was intended to address.

The Memorandum and Recommendation should be adopted by the Court as a final order.

This the 8th day of September 2015.

/s/ D.J. O'Brien III
D.J. O'Brien III
dobrien@brookspierce.com
N.C. State Bar No. 35481
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
1600 Wells Fargo Capitol Center
150 Fayetteville Street
Raleigh, NC 27601
Tel. (919) 839-0300
Fax (919) 839-0304

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he electronically filed the foregoing document with the Clerk of Court using the CM/ECF system and that he served a copy of the foregoing document on the Plaintiff in this action by placing the same in United States Mail, prepaid postage affixed, addressed as follows:

>Timothy P. Danehy
>P.O. Box 301
>Kittrell, NC 27544
>*Pro Se Plaintiff*

This the 8th day of September 2015.

>/s/ D.J. O'Brien III
>D.J. O'Brien III