IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-133-FL

| | |
|---|---|
| TIMOTHY DANEHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TIME WARNER CABLE ENTERPRISE ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

This matter is before the court on defendant's motion for summary judgment. (DE 11). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates entered a memorandum and recommendation ("M&R"), (DE 19), wherein it is recommended that the defendant's motion be granted. Plaintiff timely filed objections to the M&R, and defendant has responded. In this posture, the matter is ripe for ruling. For the reasons stated below, the court adopts the recommendation of the magistrate judge and grants defendant's motion for summary judgment.

**STATEMENT OF THE CASE**

On March 7, 2014, plaintiff initiated this action by filing a complaint pro se raising federal claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq. (DE 1). Plaintiff alleges defendant violated the TCPA in two ways: 1) by placing unsolicited calls to plaintiff

using an automated telephone dialing system ("ATDS") in violation of 47 U.S.C. § 227(b)(1)(A)(iii), and 2) by calling a number listed in the national Do-Not-Call Registry in violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)(2). (Compl. ¶¶ 13-20). Defendant filed an answer to the complaint on March 31, 2015 (DE 5), and moved for summary judgment on October 14, 2014 (DE 11). Plaintiff responded with memorandum in opposition on November 4, 2014 (DE 16), and defendant replied on November 18, 2014 (DE 18).

## STATEMENT OF THE FACTS

The court herein adopts by reference the majority of the facts as recited in the M&R,[1] and briefly summarizes their contents. On November 25, 2013, an unidentified customer ("customer") of defendant requested service at his home the following day. The customer had previously provided defendant with the cell phone number now belonging to plaintiff as a secondary contact for customer in the event that he could not be reached at his primary number. Defendant had made and received calls from customer at that number many times before.

In August or September 2013, however, plaintiff purchased a cellular telephone assigned the number in question. Plaintiff never gave consent to defendant to call the number. Customer did not update his contact information with defendant, however, and from November 25, 2013 through November 26, 2013, defendant, through SkyCreek Corporation ("SkyCreek"), a contractor and nonparty, called plaintiff's phone six times when a busy signal was received at customer's primary number. The first two calls reached plaintiff's telephone, but no voicemail was left. Plaintiff answered the third call, but he did not take the action necessary to accept the call. The next day, two

---

[1] Plaintiff, as noted herein, raises an objection to the magistrate judge's determination that SkyCreek did not possess ATDS capabilities. This court makes no findings regarding that issue, and does not adopt any facts pertaining to whether SkyCreek possessed ATDS capabilities.

2

more calls reached plaintiff's phone, but no voicemail was left. The sixth and final call also reached plaintiff's telephone, and a voicemail was left.

## COURT'S DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has met its burden, the nonmoving party then must affirmatively demonstrate, with specific evidence, that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586–87 (1986). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

"[A]t the summary judgment stage the [court's] function is not [itself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id.

3

at 249.  In determining whether there is a genuine issue for trial, "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [non-movant's] favor."  Id. at 255; see also United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) ("On summary judgment the inferences to be drawn from the underlying facts contained in [affidavits, attached exhibits, and depositions] must be viewed in the light most favorable to the party opposing the motion.").

Nevertheless, "permissible inferences must still be within the range of reasonable probability, . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture."  Lovelace v. Sherwin-Williams Co., 681 F.2d 230, 241 (4th Cir. 1982) (quotations omitted).  Thus, judgment as a matter of law is warranted where "a reasonable jury could reach only one conclusion based on the evidence," or when "the verdict in favor of the non-moving party would necessarily be based on speculation and conjecture."  Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005).  By contrast, when "the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created," and judgment as a matter of law should be denied.  Id. at 489-90.

B.  Analysis

In his objections, plaintiff takes issue with the magistrate judge's determination that SkyCreek did not utilize an ATDS when making calls to plaintiff's telephone.  The court does not reach the merits of plaintiff's objection, however, because defendant's motion for summary judgment properly may be granted on other grounds.  Plaintiff fails to object to the remaining portions of the M&R upon which the magistrate judge otherwise relies in recommending dismissal of all plaintiff's claims, and accordingly, the court reviews these dispositive determinations only for clear error.

4

In the M&R, the magistrate judge determined that although plaintiff has standing to bring his ATDS claim, defendant in good faith relied on the consent of its customer, the former owner of plaintiff's telephone, when making the calls to plaintiff. The M&R suggests that this good faith belief of consent is a complete defense to both plaintiff's ATDS claims and his Do-Not-Call Registry claims. Further, the magistrate judge in the alternative recommends that plaintiff's claims must be dismissed because the type of calls made by defendant fell outside the intended scope of the TCPA. Specifically, the magistrate judge determined that defendant's good faith belief that it was attempting to respond to a service call by a customer precludes the ATDS claim, and that the nature of the call, a response to a call for service, does not constitute a telephone solicitation for the purposes of the Do-Not-Call Registry.

Courts are divided on the proper resolution of these issues, and the Fourth Circuit has not determined yet whether a defendant may rely on a good faith defense under these circumstances. Upon a review of the case law available, however, the court finds no clear error in the magistrate judge's determinations. See Chyba v. First Financial Asset Mgmt., 2014 WL 1744136 *12 (S.D.Ca. April 30, 2014) ("Even if Plaintiff is correct in stating that she never gave Defendant or Enterprise consent to call, and there was no actual prior consent from Plaintiff, Defendant is not liable for acting in good faith upon the information provided to it.").[2] But, cf., Breslow v. Wells Fargo, N.A., 755 F.3d 1265 (11th Cir. 2014) (granting summary judgment to plaintiff, despite defense of consent from previous customer and lack of knowledge that phone number had been re-assigned); Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 639-40 (7th Cir. 2012) (holding that consent must come from the current subscriber, and that a prior customer's authority to consent lapses when a cell

---

[2] The plaintiff in Chyba filed an appeal on April 25, 2014, prior to the issuance of the slip opinion, which is currently pending before the Ninth Circuit.

phone number is reassigned). Therefore, plaintiff's claims must be dismissed on the basis of the alternative grounds set forth in the M&R.

## CONCLUSION

Based on the foregoing, the court ADOPTS the recommendation of the magistrate judge as set forth herein. Defendant's motion for summary judgment (DE 11) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED this the 18th day of September, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge